Dear Mr. Jaques:
You have requested an Attorney General's opinion with regard to the following issue:
 Does a police jury have the authority to pass an ordinance that requires the Library Board of Control under its jurisdiction to set specific policies or otherwise regulate the operation of the library?
Specifically, your concern is whether internet access within the library can be addressed by ordinance of the police jury.
LSA-R.S. 25:211 empowers a parish or municipality to create a library board under its jurisdiction. A library board is not a "special district" or a "creature of the legislature" but an agency of the parish and the governing authority of a parish has general power over that board. Opinion 92-335.
Article VI, § 15 of the Louisiana Constitution (1974) provides:
 The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
Therefore, Article VI, § 15 gives the parish police jury jurisdiction over the board subject to any specific limiting language in LSA-R.S. 25:211 et seq.
Library boards are created for the purpose of operating and administering the parish library system on behalf of the parish. The library board's powers include the adoption of rules and regulations for its own government and that of the library as well as the election and employment of certain personnel. LSA-R.S. 25:125. Opinion 83-765 previously concluded:
 "Rules and regulations relating to its own government and that of the library" indicate such rules and regulations necessary for the conduct of board meetings, establishment of library hours, circulation and lending programs, and such other internal matters usually associated with the operation of a library, and which can best be handled by the board as an instrument of and on behalf of the police jury.
What qualifies an internal matter usually associated with the operation of a library must be determined on a case-by-case basis. However, with regard to internet access within the library, we are of the opinion that its regulation, must like that of circulation and information access, is included within the normal operations of a library.
Therefore, the library board and not the parish police jury is the proper entity to set specific policies regulating information access and flow within the library.
I trust this addresses your concerns. Please contact this office if you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: Carlos M. Finalet, III
Assistant Attorney General
RPI:CMF, III, mjb